# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANDREA MARIA LEIBA,** | : | |
| *Plaintiff* | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 18-CV-4604 |
| | : | |
| **BMW FINANCE**, *et al.*, | : | |
| *Defendant.* | : | |

# M E M O R A N D U M

**QUIÑONES ALEJANDRO, J.**                                               **OCTOBER 29, 2018**

*Pro se* Plaintiff Andrea Maria Leiba has filed this civil action against BMW Finance, BMW of Bayside, BMW of the Main Line, and ARS, raising claims arising from the repossession of her vehicle. (ECF No. 2.) Leiba has filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) For the following reasons, the Court will grant Leiba leave to proceed *in forma pauperis* and dismiss her Complaint.

## I.     FACTS

On September 15, 2015, Leiba entered into a lease agreement with BMW. (Compl. at 5.)[1] She had the car for three years and "paid approximately $25,000." (*Id.*) However, she "recently chang[ed] the terms of the tender payment to BMW and [the] total amount of [the] vehicle, and [they] refused . . . to take the payment." (*Id.*) Leiba argues that "it's a government obligation to do so, this tender payment money order ha[s] government laws of the United States on the money order, and it also ha[s] strict instructions on how to access the payment amount." (*Id.*) She asserts that she is a "secured party creditor under the United S[t]ates treasury department." (*Id.*) Leiba contends that after not accepting her tender, BMW instructed the

---

[1] The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

American Recovery Service to "[steal] her car" on an unknown date. (*Id.*) She alleges that she has suffered "intentional emotional and financial distress." (*Id.* at 6.) As relief, Leiba seeks the return of the car, or "if it's destroyed, damaged, or sold [she] want[s] the total [value] of [her] car." (*Id.*)

Leiba's Complaint suggests that she is raising claims pursuant to the First and Fourteenth Amendments. (*Id.* at 4, 10.) She has attached various documents, including what is purported to be a "Tender of Payment Offering," addressed to the order of BMW of the Main Line, for a $40,000.00 obligation to be drawn from the United States Treasury Department. (*Id.* at 8.) Leiba also includes an "Affidavit of Status as Secured Party and Creditor," in which she states that "[a]ll commercial cont[r]acts listing the Debtor have been lawfully cancelled, rescinded and revoked and are invalid and unenforced." (*Id.* at 16.)

## II. STANDARD OF REVIEW

The Court will grant Leiba leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, the Court is required, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As Leiba is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

**III.    DISCUSSION**

By including the language of the First and Fourteenth Amendments, Leiba suggests that she is raising constitutional claims pursuant to 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Whether a defendant is acting under color of state law—i.e., whether the defendant is a state actor—depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted). Nothing in the Complaint suggests that any of the Defendants are state actors. Accordingly, Leiba's federal claims will be dismissed.[2]

To the extent Leiba is asserting tort claims under state law against the Defendants, the only basis for the Court to exercise subject matter jurisdiction over such claims is pursuant to 28 U.S.C. § 1332(a), which grants a district court jurisdiction over "all civil actions where the

---

[2] The Court does not discern any other basis for a federal claim from Leiba's Complaint. Leiba's arguments about being a "secured party creditor" and about making the United States Treasury Department obligated for the amount owed for the BMW sound in sovereign citizen theories, which have been rejected by the courts. *See, e.g., Price v. United States*, 123 Fed. Cl. 560, 564 (Fed. Cl. 2015); *Bey v. Stumpf*, 825 F. Supp. 2d 537, 540-47 (D.N.J. 2011).

matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Here, the Complaint fails to establish that the parties are citizens of different states for purposes of § 1332.

An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). The Complaint suggests that Leiba is a citizen of Pennsylvania. However, she has provided a Pennsylvania address for Defendant BMW of the Main Line. Thus, Leiba has not met her burden of demonstrating that the Court has diversity jurisdiction over any state law claims. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Leiba leave to proceed *in forma pauperis* and dismiss her Complaint. Any claims pursuant to 42 U.S.C. § 1983 will be dismissed with prejudice. Any state law tort claims will be dismissed without prejudice for lack of subject matter jurisdiction. Leiba will not be permitted to file an amended complaint, as amendment would be futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows.

BY THE COURT:

*/s/ Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO, J.**
*Judge, United States District Court*
